Reese, J.
delivered the opinion of the -court.
Upon the first point discussed in the case before us, we are of opinion, that it results from the principles established by this court, in the case of Patton vs. McLure, M. &. Y. Rep., that where, in a parol contract of gift, or sale, a decree for a specific performance is refused, because, within the act of 1801, ch. 25, an injunction will not be granted to protect or quiet the possession of the donee or vendee.
2. We are of opinion, that where the owner of real estate puts a relative into possession thereof, for the purpose of cultivating and improving the same, under the promise of a future gift, and the occupier, influenced by such expectation, makes lasting and valuable improvements upon the premises, with the knowledge of the owner, such occupier will bé entitled to the full value of the improvements, although it may exceed the amount of the rents and profits. But although in such case, the owner could not put forth any independent claim to rents and profits, still when- the occupier comes to be compensated for his improvements, the value of what he has actually enjoyed, the rents and profits, enters upon principles of natural equity as a necessary element into the compensation. The case of King’s heirs vs. Thompson and wife, 9 Peters, 204, may perhaps be supported upon its own peculiar facts and circumstances. But we cannot regard it, as determining any general principles decisive of the case before us. We regard the contrary as a general principle as being established in 4 Littel, 364. The accidental situation and circumstances of the parties to this record, may move us to strong feelings of regret, that we cannot give the relief to complainants in their bill prayed for. But to these feelings of regret we cannot yield. Circumstances change in each case. Establish the principles contended for, and the next case might be that of a wealthy elder son, claiming for improvements to the exclusion of rents and to the ruin and to the impoverishment of minor children.